## Stewart *et al. versus* Bedell.

1. The defendant sold his store and good-will to the plaintiff, and covenanted not to carry on the same business within a specified district and time ; if he should, "he shall and will pay (to plaintiff) the sum of $10,000 as liquidated damages." *Held* not alternative covenants, the latter being merely the agreed consequence of the breach of the former.

2. If covenants be alternative and either be performed there is no breach ; an election is given to perform either.

3. In this case the former covenant being broken a breach must be shown to resort to the secondary for damages.

4. The defendant pleaded "covenants performed ;" this applied only to the breach of the first covenant not to engage in business; and the burden of proof is on the plaintiff.

5. "*Absque hoc*" applies to those covenants of plaintiff which he must prove as preliminary to a recovery.

October 15th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Stewart v. Bedell.]

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1875, No. 222.

This was an action of covenant, brought April 26th 1872, by D. B. Stewart and E. S. Cook against J. C. Bedell.

The declaration was, that the defendant had been engaged in selling, &c., dry goods, groceries, &c., at Mansfield, in Scott township, Allegheny county, and on the 27th of February 1871, entered into an agreement under his seal, by which for a valuable consideration he sold to the plaintiffs the goods, &c., "together with the fixtures, apparatus, good-will, trade, &c., of his said business," and that he did by said agreement for a valuable consideration covenant with the plaintiffs, that he would not directly or indirectly, as proprietor,.clerk, or employee, engage in the business of selling groceries, dry goods, &c., in the townships of Scott, Robinson, &c., for a period of seven years from the date of the agreement, and if he, within that period and within the districts named, should engage, &c., in said business, he should pay the plaintiffs "ten thousand dollars as liquidated damages." The plaintiffs averred:—

"That because the abstaining of doing the aforesaid acts and things could not and can not be measured by an exact pecuniary standard, the said sum of ten thousand dollars was agreed upon by defendant as a stipulated sum, which he should pay to plaintiffs for a violation of said covenant, in doing or attempting to do any of the acts and things in said covenant prohibited." He further averred that the defendant had, within the districts and the time mentioned in the agreement, in violation of his covenant, engaged in the business of selling, &c., groceries, dry goods, &c.; and concluded : "Wherefore the plaintiffs, showing that they have well and faithfully kept and performed their covenants, entered into with the defendant, say that the defendant hath broken his covenant so with them entered into, and by reason thereof hath become liable to pay to them the said sum of money with interest, costs and damages, in the sum of twenty thousand dollars."

The defendant pleaded, "covenants performed."

On the trial, January 20th 1875, before Kirkpatrick, J., the plaintiffs read the agreement. The covenant, the breach of which was charged in the declaration, was as follows:—

"It is further covenanted, promised and agreed by the party of the first part, in consideration of the premises and of other valuable considerations him moving thereto, to and with the said parties of the second part, that he the said party of the first part will not engage or undertake, either directly or indirectly as proprietor, clerk or employee, to engage in the business of selling, retailing or vending groceries, dry goods, hardware, notions, &c., &c., in the townships of Scott, Robinson, Chartiers and Union, in the county aforesaid, for a period of seven years. And if the said party of the first part should within the period aforesaid engage or under-

29 P. F. Smith—22

[Stewart *v.* Bedell.]

take to engage as aforesaid, in the business as aforesaid, in the townships aforesaid, he shall and will pay to the parties of the second part, their heirs, executors, administrators or assigns, the sum of ten thousand dollars as liquidated damages: Provided, however, that if the said parties of the second part shall within the period aforesaid retire from the business aforesaid for the period of six months, then the said party of the first part shall no longer be bound by this last-mentioned covenant, but be fully released therefrom."

They then read the declaration and pleas, and rested.

The court, on motion of defendant, directed a nonsuit with leave to move the court in banc to take it off. The motion was overruled by the court in banc.

The plaintiffs removed the record to the Supreme Court by writ of error, and assigned for error the entry of the nonsuit and the refusal to take it off.

*C. B. M. Smith* (with whom were *S. M. Raymond* and *Hampton & Dalzell*), for plaintiffs in error.—The plea of covenants performed is an affirmative plea: F. & M. Turnpike Co. *v.* McCullough, 1 Casey 303. Where some covenants are in the affirmative and some in the negative, a plea of the performance of all is bad: 5 Bac. Abr. 410; Crosswell *v.* Peachy, Croke's Eliz. 691; Ellis *v.* Box, Aleyn 72; Heister *v.* Evans, 3 Dyer 372, pl. 11. If any of the covenants are in the disjunctive, defendant must show which he has performed: 2 Stephen's Nisi Prius 1164; 1 Selwyn's Nisi Prius 547; 6 Comyn's Digest 129; Stephens on Pleading 365, 366; Laughwell *v.* Palmer, 1 Sid. 87, quoted in Selwyn's Nisi Prius 1164. Covenants for non-performance and others for performance; party should plead to the one—that he has not done; to the other—that he has done generally; and if the negative ones are against him, he may say generally that he has done all: Norton *v.* Syms, Sir F. Moore 856; Rangler *v.* Morton, 4 Watts 265. By his plea, defendant took on himself the affirmative of the case and the burden of proof was on him: Norris *v.* The P. & D. Insurance Co. of N. A., 3 Yeates 84; 2 Greenl. Evid., sec. 247; Scott *v.* Hull, 8 Conn. 296; Soward *v.* Leggatt, 7 C. & P. 613; Harrison *v.* Park, 1 J. J. Marshall 172; Marston *v.* Hobbs, 2 Mass. 438; Snevily *v.* Egle, 1 W. & S. 480; Barnett *v.* Cratcher, 3 Bibb. 202. "It is an invariable rule in pleading that whatever is alleged by one party and not denied by the other is admitted:" Roth *v.* Miller, 15 S. & R. 100; Martin *v.* Hammon, 8 Barr 270; Wilkinson *v.* Pittsburg, F. & M. T. Co., 6 Barr 398; Smith *v.* Frasier, 3 P. F. Smith 226; Zents *v.* Legnard, 20 Id. 192.

*T. M. Marshall* (with whom were *M. W. Acheson* and *C. W.*

[Stewart *v.* Bedell.]

*Robb*), for defendant in error.—In Pennsylvania, the plea of performance, in an action of covenant, is a plea in the nature of the general issue: Troubat & Haly's Pr. 32, 33. The plaintiffs, having gone to trial upon the pleadings, could not allege that the plea of "covenants performed," was a nullity: Brubaker *v.* Taylor, 26 P. F. Smith 83. The plea of "covenants performed," was proper: Neave *v.* Jenkins, 2 Yeates 107. The defence in this case was not an *equitable* one, and, therefore, the plea of covenants performed did not put the onus upon him, but made it incumbent on the plaintiffs to prove all the material allegations in his declaration, except the execution of the agreement: Evans *v.* Dravo, 12 Harris 64. The plea of "covenants performed," *absque hoc*, would have put the onus upon the plaintiffs. Yet the addition of *absque hoc* would merely have put in issue performance by the plaintiffs: 2 Troubat & Haly 33; Martin *v.* Hammon, 8 Barr 270; Zents *v.* Legnard, 20 P. F. Smith 192; 1 Greenl. Evid., § 51.

Judgment was entered in the Supreme Court, October 25th 1875,

PER CURIAM.—The defendant's covenant not to engage in business within prescribed limits, and the covenant, if he should do so, that he would pay $10,000 liquidated damages, are not alternative; the latter being merely the agreed consequence of a *breach* of the former. If covenants be alternative and either be performed there is no breach. An election is given to the covenantor to perform either. But here a breach of the former covenant is necessary to give effect to the latter. Hence there is no election in such case, except that which arises from a determination to suffer the consequence of a breach. Here then the former covenant is broken, and its breach must be shown to entitle the plaintiff to resort to the secondary covenant to pay the damages. Hence the plea of "covenants performed" applied only to the breach alleged in the declaration, to wit, of the covenant not to engage in business. Here the affirmative plea is pregnant with a negative, and casts the proof of the breach on the plaintiff. The words *absque hoc*, when added to the plea of covenants performed, apply to those covenants of the plaintiff which he must prove as a preliminary to a recovery. We discover no error in the record.

Judgment affirmed.